IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDON CORTAZAR, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-1042-O |
| | § | (NO. 4:23-CR-179-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Brandon Cortazar under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On June 14, 2023, Movant was named in a six-count indictment charging him in counts one and two with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e), in count three with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), in counts four, five, and six with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). CR ECF No.[1] 18. Movant entered a plea of not guilty. CR ECF No. 21. On August 4, 2023, Movant was named in a two-count superseding information charging him in count one with sexual exploitation of a child, in violation of 18 U.S.C. 2551(a) and (e), and in count two with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-179-O.

(b)(1). CR ECF No. 25. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged by the superseding information and the government agreed not to bring any additional charges based on the conduct underlying and related to the guilty plea and to dismiss any remaining counts against him. CR ECF No. 29. The plea agreement set forth the penalties Movant faced as to each count, the Court's sentencing discretion, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the representation he had received, and that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances. *Id.* Movant and counsel also signed a waiver of indictment, CR ECF No. 27, and a factual resume. CR ECF No. 28. The factual resume set forth the penalties Movant faced, the elements of the offenses charged, and the stipulated facts establishing that Movant had committed the offenses. *Id.*

On August 9, 2023, Movant appeared in open court for arraignment on the superseding information and testified under oath that: he had discussed with counsel how the sentencing guidelines might apply in his case and understood that the Court would determine the sentence; he had read and understood the superseding information; he understood and admitted that he committed all of the essential elements of the offenses charged by the superseding information; he was fully satisfied with the representation and advice he had received from counsel; he signed the plea agreement after he had read, understood, and discussed it with counsel; he discussed with counsel and knowingly and voluntarily waived his right to appeal; he freely and voluntarily entered into the plea agreement and other than that agreement no one had made any promise or assurance to persuade him to plead guilty; no one had in any way attempted to force him to plead guilty; he

understood the penalties he faced; and, he read and understood the factual resume before signing it and all of the facts stated in it were true and correct. CR ECF No. 59.

The probation officer prepared the presentence report, which reflected that Movant's total offense level was 40, CR ECF No. 36, ¶ 49, and his guideline imprisonment range was 292 to 365 months. *Id.* ¶ 78. The probation officer prepared an addendum to the PSR in response to the government's request for clarification. CR ECF No. 39. Movant filed a sentencing memorandum and motion for downward variance. CR ECF No. 41. The probation officer filed a second addendum to the PSR to provide further information regarding victim impact. CR ECF No. 45.

On December 1, 2023, the parties appeared for sentencing. Counsel argued for a variance based on Movant's conduct compared to that of other similar cases. CR ECF No. 58. The Court sentenced Movant to terms of imprisonment of 240 months as to each count, to run concurrently. CR ECF No. 48. Movant appealed, CR ECF No. 53, despite having waived the right to do so. CR ECF No. 29, ¶ 16. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Cortazar*, No. 23-11218, 2024 WL 4315120 (5th Cir. Sept. 27, 2024).

## II.    GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, all contending that he received ineffective assistance of counsel. ECF No.[2] 1.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### III.  APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.    ANALYSIS

Movant's grounds are wholly conclusory and insufficient to support relief. *Miller*, 200 F.3d at 282. As best the Court can tell, Movant alleges that: (1) he was told he would receive a sentence of fifteen years' imprisonment; (2) he did not have a fair negotiation for a plea agreement because he had no meaningful talks with his attorney until five months prior to sentencing; and, (3) at sentencing, his counsel brought up other cases concerning physical touching. ECF No. 1 at 4, 5, & 7.[3]

---

[3] The page number references are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form are not the actual page numbers of the motion.

A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not appear to contend that his plea was not knowing and voluntary, probably because he could not prevail on such a claim. The record reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The plea agreement Movant signed, which includes the statement that the plea is voluntary, is accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, Movant testified under oath that his plea was not coerced and that he was satisfied with counsel. CR ECF No. 59. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, the references in the reply to counsel's "prediction" of a fifteen year sentence reflect that Movant does not contend that he was coerced into pleading guilty. ECF No. 9 at 6, 7, 8.

Even if Movant's allegations in his first two grounds had the slightest merit, and they do not, Movant does not make any attempt to show, much less allege, that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The record does not contain any contemporaneous evidence to substantiate such a preference. *Lee v. United States*, 582 U.S. 357, 369 (2017). In fact, Movant admits in his reply that he never intended to take his case to trial. ECF No. 9 at 9.

The third ground is wholly conclusory and largely incomprehensible. If Movant's argument is that he was harmed by counsel's presentation during sentencing, he is mistaken.

6

Because of counsel's representation, the Court sentenced Movant way below the bottom of the guideline range. CR ECF No. 49.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **19th day** of **February, 2025**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE